UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES of the LOCAL 7 TILE
INDUSTRY WELFARE FUND, LOCAL 7
INDUSTRY ANNUITY FUND, TILE
LAYERS LOCAL UNION 52 PENSION
FUND and BRICKLAYERS & TROWEL
TRADES INTERNATIONAL PENSION
FUND,

                      Plaintiffs,               **MEMORANDUM AND ORDER**

    - v -

                                                        CV 07-5414 (VVP)

AC TILE CORP.,

                      Defendant.
------------------------------------------------------------x

The plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Industry Annuity Fund, Tile Layers Local Union 52 Pension Fund and Bricklayers & Trowel Trades International Pension Fund (hereinafter collectively "the Funds", or "the Trustees") have moved for a default judgment against the defendant AC Tile Corp., (hereinafter "AC"). The Trustees are the administrators of various employee benefit plans to which the defendant was obligated to make contributions pursuant to a collective bargaining agreement ("CBA") between Local 7 ('the Union") and the defendant. *See* First Amended Complaint ¶ 8. The case involves alleged violations of the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") stemming from the defendant's failure to pay contributions to the Funds as required by the terms of the CBA. *Id.* ¶ 9.

**A.    ENTRY OF DEFAULT JUDGMENT**

"It is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court."

*Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001), *quoting Shah v. N.Y. State Department of Civil Services*, 168 F. 3d 610, 615 (2d Cir. 1999) (internal quotations omitted).  When deciding whether to enter default the court considers various factors, including (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect default would have; and (8) whether the court believes it later would be obligated to set aside the default on defendant's motion.  *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d at 281, *citing* Moore's Federal Practice § 555.20 {2} {b} (3d ed. 1999).  In civil actions, when a party fails to appear after receiving notice, the court normally has justification for entering default.  *Bermudez v. Reid*, 733 F. 2d 18, 21 (2d Cir. 1984).

The plaintiffs have filed an affidavit of a licensed process server attesting to service of the summons and complaint in this action on the defendant by delivering such copies to the New York Secretary of State pursuant to Section 306 of the Business Corporation Law and in accordance with the provisions of Section 311(a)(1) of the New York Civil Practice Law and Rules.  That method of service is authorized by Rule 4 (c)(1) of the Federal Rules of Civil Procedure.  The defendant has failed to interpose an answer, or otherwise respond to the complaint.  Nor has the defendant responded to the plaintiffs' application for default.  The grounds for default are therefore clearly established, and there are no grounds for believing the default is based on good-faith mistake or technicality.  *See Cablevision Systems of New York City*

*Corporation v. Leach*, No. 01 Civ. 9515, 2002 WL 1751343, at *2 (S.D.N.Y. July 26, 2002) (default wilful where defendant never responded to complaint, appeared, or explained default). Finally, based on the defendant's inaction, it is unlikely that the court will be compelled at some future date to enter an order vacating the default judgment. Default should therefore be granted so long as liability is appropriately established.

**B.     LIABILITY**

By virtue of the defendant's default, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiffs' damages. *See, e.g.*, *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Funds are multi-employer pension benefit plans organized under ERISA, and administered by representatives of employers and employees engaged in interstate commerce. *See* First Amended Complaint ¶¶ 4-5, 7. The court is required to accept as true that the defendant was bound by the terms of the CBA with Local 7 to pay fringe benefit contributions to the plaintiffs. *Id.* ¶¶ 8-11. AC has failed to regularly report hours worked, pay benefit contributions to the Funds, or produce its books and records necessary for proper audits.. *Id.* ¶¶ 9, 12. The well-pleaded allegations of the complaint further establish that AC owes fringe benefit contributions contractually due to the plaintiffs. *Id.* ¶¶ 15-18, 25, 30. The defendant's obligations under the CBA are enforceable under ERISA. *See* 29 U.S.C. § 1132(a)(3).

These facts are sufficient to establish the defendant AC's liability for violations of ERISA which states, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall  .

. . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**C. DAMAGES**

ERISA provides a right of action for recovery of

(A) the unpaid contributions
(B) interest on the unpaid contributions
(C) an amount equal to the greater of -
 (i) interest on the unpaid contributions, or
 (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A).
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.
(F)
29 U.S.C. § 1132(g)(2).

Determination of the amount of damages requires an inquest, which may be conducted solely upon written affidavits setting forth the factual basis for the damages to be awarded. The affidavits should be prepared by individuals with personal knowledge, and should include documentation such as any collective bargaining agreements, remittance reports, or audit records and reports. Declarations or affidavits solely by the attorney of record will not suffice.

Accordingly, the plaintiffs' motion for default against AC Tile Corp. is granted, and submissions on damages shall be made on the following schedule:

1. On or before April 21, 2010, the plaintiffs shall serve on the defendant by regular mail any further affidavits or papers the plaintiffs may wish to submit in support of its damages. An affidavit of such service shall thereafter be filed with the clerk of court;

2,   On or before May 12, 2010, the defendant shall serve on the plaintiffs any opposition that the defendant may wish to submit to the plaintiffs' request for damages;

3.   Any reply papers by the plaintiffs shall be served and filed no later that May 24, 2010.

**Upon receipt of this order, the plaintiffs are directed to promptly serve a copy of this order on the defaulting defendant by certified mail, return receipt requested, and to file a certification of such service in the record.**

        **SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
      March 30, 2010