UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES of the LOCAL 7 TILE
INDUSTRY WELFARE FUND, LOCAL 7
INDUSTRY ANNUITY FUND, TILE
LAYERS LOCAL UNION 52 PENSION
FUND and BRICKLAYERS & TROWEL
TRADES INTERNATIONAL PENSION
FUND,

       Plaintiffs,

       **MEMORANDUM AND ORDER**

 - v -

       CV 07-5414 (VVP)

AC TILE CORP.,

       Defendant.
------------------------------------------------------------x

  The plaintiffs in this action have moved for a default judgment against the defendant AC Tile Corp. (hereinafter "AC"). The plaintiffs are the Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Industry Annuity Fund, Tile Layers Local Union 52 Pension Fund (hereinafter "the Trustees"), and the Bricklayers & Trowel Trades International Pension Fund (hereinafter "the IPF"). They seek damages under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA") and the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), for AC's failure to meet its payment obligations to the various funds as required by the terms of a collective bargaining agreement between AC and Local 7 (hereinafter "the CBA"). *See* First Amended Complaint ¶ 9. On March 30, 2010, the court issued a Memorandum and Order (hereinafter "the March 30 Order") which granted the motion in part upon a determination that the plaintiffs had established liability. As the plaintiffs had not submitted adequate proof concerning their damages, however, the March 30 Order set a schedule for submissions concerning damages, with instructions concerning the types of submissions that

would be required.  Specifically, the March 30 Order explicitly advised the plaintiffs that affidavits should be prepared by individuals with personal knowledge, and should be accompanied by documentation such as any relevant collective bargaining agreements, remittance reports, or audit records and reports.  Following two requests for additional time to file further documentation in support of damages, the plaintiffs filed a brief affidavit.  S*ee* Affidavit of Thomas Lane ("Lane Aff.").

Rule 55(b) requires the court to make an independent assessment of damages when deciding a motion for default judgment.  *See Securities & Exch. Comm'n v. Management Dyn., Inc.,* 515 F.2d 801, 814 (2d Cir. 1975).  To substantiate their damages, the plaintiffs have asked the court to consider the above mentioned affidavit by Lane, the president of the union, and a previously submitted declaration by the attorney of record.  *See* Declaration of Charles R. Virginia ("Virginia Decl.").  Although Lane's affidavit provides some information with respect to unpaid contributions it has some significant flaws.  First, although it is entirely plausible that the president of the union would be a person with actual knowledge of many of the facts stated in the affidavit, Lane does not explain the basis of his knowledge.  Rather, he simply restates verbatim much of the language used in Virginia's declaration, particularly those relating to the calculation of damages.  Lane appears to rely almost exclusively on what was communicated to him by counsel, who clearly does not have actual knowledge.  In addition, although the Lane affidavit does provide a single report that purports to be the history of payment contributions by the defendant, the report fails to substantiate all the unapid contributions sought by the plaintiffs. *See* Lane Aff. ¶ 5, Exh. A.  Specifically, it does not establish what the contribution rate was for the various funds.  Lastly, neither Lane's affidavit, nor Virginia's declaration, is accompanied by

the underlying CBA or the underlying trust agreements which are the basis for the plaintiffs' damages calculations and the contribution amounts owed.

The absence of sworn statements by persons with actual knowledge of the facts, and the absence of operative documents, deprive the court of the ability to make an independent assessment of the damages to be awarded. *See Laborers' Local Union No. 91 Welfare Fund v. Danco Construction, Inc.,* 1996 WL 189510 , at * 1 (W.D.N.Y. Apr. 17, 1996) (conclusory statement that certain amount is due is insufficient proof of delinquent ERISA contributions). Therefore, the court denies the application for damages, but with leave granted to renew the application upon an appropriate affidavit or other sworn statement by a person or persons with actual knowledge. An affidavit by counsel is not sufficient. Nor is an affidavit by a union official that does not explain what the official has relied on to make the factual assertions in the affidavit. Such an affidavit must also provide the proper documentation, including any CBAs and any related trust agreements, or remittance reports for the applicable period of January 2003 through May 2008 on which the plaintiffs seek to rely to prove damages. Accordingly, the plaintiffs' application for damages is denied with leave to renew if further submissions are filed by November 14, 2011.

**Upon receipt of this order, the plaintiffs are directed to promptly serve a copy of this order on the defaulting defendant by certified mail, return receipt requested, and to file a certification of such service in the record.**

                                                     SO ORDERED:

                                         *Viktor V. Pohorelsky*
                                         United States Magistrate Judge

Dated: Brooklyn, New York
       October 12, 2011